# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DUANE JACKSON, et al., | Case No. 1:13-cv-01055-LJO-SAB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | (ECF Nos. 38, 40) |
| STATE OF CALIFORNIA, et al., | FOURTEEN DAY DEADLINE |
| Defendants. | |

On August 1, 2013, the magistrate judge assigned to this action issued a Findings and Recommendations recommending that Defendants' motion to dismiss be granted in part and denied in part. (ECF No. 38.) The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within fourteen (14) days. On March 6, 2014, Plaintiffs filed Objections to the Findings and Recommendations. (ECF No. 40.)

In their opposition, Plaintiffs contend that the magistrate judge erred in determining that they are unable to state a cause of action under 42 U.S.C. § 1981. Plaintiffs cite two cases out of the Eastern District of Pennsylvania, Hall v. Pennsylvania State Police, 570 F.2d 86 (E.D. Pa. 1978) and Mahone v. Waddle, 564 F.2d 86 (E.D. Pa. 1977), for the proposition that a contract is not a necessary to bring an action under section 1981. The Third Circuit, acknowledging the sparcity of authority on this issue, has found that section 1981 has broad applicability beyond the mere right to contract. Mahone v. Waddle, 546 F.2d 1018, 1027-1028 (3d Cir. 1977).

1

The magistrate judge, relying on Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006), Peterson v. State of California Dep't of Corrections and Rehabilitation, 451 F.Supp.2d 1092 (E.D. Cal 2006), and Ennix v. Stanten, 556 F. Supp.2d 1073 (N.D. Cal. 2008), concluded that Plaintiffs would be unable to bring a claim under section 1981 because Plaintiffs cannot meet the requirement that they are attempting to make or enforce a contract.  Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  42 U.S.C. ¶ 1981.

"To establish a claim under § 1981, the plaintiffs must show that (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)."  Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996).  The magistrate judge was correct that as pled, Plaintiffs have failed to state a cognizable claim under section 1981.  The Court will dismiss Plaintiffs' section 1981 claim, but will grant Plaintiffs the opportunity to amend.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations dated February 20, 2014 are ADOPTED as modified;

2. Defendants' motion to dismiss the claims against Edmund G. Brown, Jr. is GRANTED;

3. Defendants' motion to dismiss the Eighth Amendment claims against Matthew Cate, Jeffrey Beard, P.D. Brazelton, and James D. Hartley for failure to state a claim is DENIED;

4. Defendants' motion to dismiss the racial discrimination claims as violating the

2

| | | |
|---|---|---|
| | | Fourteenth Amendment for failure to state a claim is GRANTED; |
| | 5. | Defendants' motion to dismiss the racial discrimination claim pursuant to 42 U.S.C. § 1981 for failure to state a claim is GRANTED; |
| | 6. | Defendants' motion to dismiss claims against Defendants in their official capacities is GRANTED; |
| | 7. | Defendants motion to dismiss claims against Defendants State of California and CDCR is GRANTED without leave to amend; |
| | 8. | Defendants' motion to dismiss the state law negligence claims for failure to state a claim is GRANTED; |
| | 9. | Defendants' motion to dismiss the claims for damages on the basis of qualified immunity is DENIED; |
| | 10. | Within fourteen days from the date of service of this complaint, Plaintiffs are granted the opportunity to file an amended complaint; |
| | 11. | Within thirty days of the date of service of the amended complaint, Defendants shall file a responsive pleading; and |
| | 12. | This action is referred back to the magistrate judge. |

IT IS SO ORDERED.

Dated:   **March 10, 2014**                    /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE