# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR DUANE JACKSON, et al., | 1:13-cv-1055-LJO-SAB |
|---|---|
| Plaintiffs, | ORDER DISMISSING CASE |
| v. | |
| EDMUND G. BROWN, et al., | |
| Defendants. | |

This case is on remand from the United States Court of Appeals for the Ninth Circuit. *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019). Plaintiffs are current and former inmates who contracted Valley Fever while incarcerated at Pleasant Valley State Prison ("PVSP"), in Coalinga, a city in Fresno County, and Avenal State Prison ("ASP"), in Avenal, a city in Kings County. Plaintiffs,[1] who contracted Valley Fever while incarcerated at either PVSP or ASP, bring this class action against various state official Defendants for: (1) 42 U.S.C. § 1983 ("§ 1983") claim for violation of the Eighth Amendment; (2) § 1983 claim for deprivation of equal protection; (3) claims under §§ 1983 and 1981 for racial discrimination; and (4) state-law negligence. ECF No. 43, Second Amended Complaint ("SAC") at 1. Plaintiffs' claims are premised on their assertion that Defendants' intentional actions and inaction unconstitutionally exposed them to an unreasonable risk of contracting Valley Fever and, ultimately,

---

[1] Plaintiffs are Arthur Jackson ("A. Jackson"), Leonard M. Lujan, Marcus Jackson ("M. Jackson"), Rodney Taylor, Lacedric Johnson ("C. Johnson"), L.T. Belton, and Norman Johnson ("N. Johnson"). SAC at 1.

1

caused them to contract the disease.

Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 89. The Magistrate Judge issued Findings and Recommendations granting the motion in part and denying it in part. ECF No. 106. The Court adopted the Findings and Recommendations, holding that the Defendants were entitled to qualified immunity against the inmates' Eighth Amendment claim. ECF Nos. 127 & 130. The inmates did not appeal that decision.[2] The Court also held that the officials were not entitled on qualified immunity on the 14th Amendment claims brought by a subgroup of African-American inmates. Defendants appealed that decision, and the Ninth Circuit reversed, finding that the officials are entitled to qualified immunity. *Hines*, 914 F.3d at 1232-35.

Having previously granted Defendants' motion for judgment on the pleadings on the SAC's Eighth Amendment claims, the Court now **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motion for judgment on the pleading as to Plaintiffs' Fourteenth Amendment claims because Defendants are entitled to qualified immunity on those claims as well.

The claims brought under §§ 1983 and 1981 provided the sole basis for federal subject matter jurisdiction over this case, and the two remaining claims, as to which the Court granted Defendants' motion for judgment on the pleadings with leave to amend, are for negligence under California law. As the parties are not diverse in citizenship, the Court's jurisdiction over the state-law claims is supplemental. *See* 28 U.S.C. § 1367(a). "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise

---

[2] In companion cases bringing similar claims that were decided with this case on appeal, the Ninth Circuit affirmed district court rulings holding that the state officials are entitled to qualified immunity on the Eighth Amendment claims.

2

jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Given that this case is at an early stage of the proceedings, the Court anticipates that it will not exercise supplemental jurisdiction over Plaintiffs' state claims unless they have demonstrated that they are accompanied by at least one viable federal claim. *See Carnegie-Mellon Univ*, 484 U.S. at 350 (holding that "[w]hen the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"). *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendent claims to state court"); *Anderson v. Countrywide Financial*, No. 2:08–cv–01220–GEB–GGH, 2009 WL 3368444, *6 (E.D. Cal. Oct. 16, 2009) ("Since state courts have the primary responsibility to develop and apply state law, and the *Gibbs* values do not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims, Plaintiff's state claims are dismissed under 28 U.S.C. § 1367(c)(3)."). The Court granted Defendants' judgment on the pleadings as to the state-law negligence claims without prejudice. Because they are the only potential claims from the SAC remaining in this case, the Court declines to exercise supplemental jurisdiction over them.

## I. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for judgment on the pleadings as to the SAC's Second, Third, and Fourth claims is **GRANTED WITHOUT LEAVE TO AMEND**.

2. The Court **DECLINES TO EXERCISE SUPPLEMENTAL JUDISDICTION** over the SAC's Fifth and Sixth claims, for negligence, which were **DISMISSED WITH LEAVE TO**

**AMEND**.

3. The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: **May 23, 2019**              **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE